IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT PATRICK RITTER, | Civ. No. 6:25-cv-01769-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| LANE COUNTY, OREGON; LANE COUNTY SHERIFF CARL E. WILKERSON, III; DEPUTY BERTSCH; DIRECTOR OF PRE-TRIAL SERVICES FOR LANE COUNTY JAIL; LANE COUNTY DISTRICT ATTORNEY'S OFFICE, | |
| Defendants. | |

AIKEN, District Judge.

Self-represented Plaintiff Robert Patrick Ritter seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff has also filed a Motion for Preliminary Injunction. ECF No. 3. For the reasons set forth below, Plaintiff's Motion for Preliminary Injunction is DENIED and the Complaint, ECF No. 1, is DISMISSED with leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for

meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED.

Plaintiff alleges that on September 24, 2025, he attempted to serve a summons and complaint on Tina Ferkey in an unrelated lawsuit. Ritter Decl. ¶ 2. When Plaintiff arrived at Ms. Ferkey's residence, Matthew Ferkey fired a handgun at Plaintiff. *Id.* ¶ 3.

On the same day, Plaintiff "attempted to submit a criminal complaint to the Lane County Sheriff regarding an incident of Attempted Murder," against Matthew Ferkey in connection to the earlier events. Compl. ¶ 7. Mr. Ferkey was arrested on September 25, 2025, by the Lane County Sheriff's Office on a charge of Reckless Endangerment and released on his own recognizance on September 26, 2025. Ritter Decl. ¶ 4. Plaintiff alleges that Defendants "failed to initiate a thorough investigation or take any protective action" with regard to Mr. Ferkey. Compl. ¶ 8. Plaintiff alleges

that he has been threatened and that he believes he is in danger from Mr. Ferkey. *Id.* at ¶¶ 9-11.

Plaintiff alleges that Defendants failure to undertake a satisfactory investigation and their failure to hold Mr. Ferkey in custody violated his substantive and procedural due process rights. Plaintiff also alleges that Lane County "maintained policies or customs that caused the constitutional violations, including failure to train, supervise, or discipline officers who ignore threats and complaints."

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

As noted, Plaintiff alleges that Defendants' failure to act against Mr. Ferkey in response to Plaintiff's complaint violated Plaintiff's substantive due process rights and that Defendants' failure to "acknowledge" and "investigate" Plaintiff's complaint violated his procedural due process rights. In his Motion for Preliminary Injunction, Plaintiff seeks an order requiring Defendants to take Mr. Ferkey into custody and to take "immediate protective measures" in response to Mr. Ferkey's threats against Plaintiff.

"There is no statutory or common law right, much less a constitutional right to an investigation." *Frisch v. City of Eugene*, Civ. No. 09-6126-TC, 2010 WL 686754, at *3 (D. Or. Feb. 24, 2010); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Clark v. Milwaukie Police Dep't*, Case No. 3:22-cv-00662-SB, 2022 WL 4473487, at *5 (D. Or. Sept. 15, 2022) (a plaintiff "does not have a constitutionally protected right to have the police investigate his report in a particular way, to police protection, or to have the police arrest an alleged assailant."); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty [or] property.")

In addition, it is well settled that private citizens lack a judicially cognizable interest in the prosecution or non-prosecution of another. *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981).

Put simply, Plaintiff has no constitutional right to a police investigation; to have his complaint investigated in the way he demands; or to have another person arrested or prosecuted. With respect to Plaintiff's *Monell* claim against Lane County, if no constitutional violation occurred, a municipal liability claim necessarily fails. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). if no constitutional violation occurred, a municipal liability claim necessarily fails. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). The Court concludes that Plaintiff has failed to state a

claim and the Complaint will be dismissed. Dismissal shall be with leave to amend to give Plaintiff an opportunity to identify some other basis for his claims.

To support his motion for a preliminary injunction, Plaintiff must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Plaintiff has failed to state a claim and so his Motion for Preliminary Injunction, ECF No. 3, must be denied.

Because Plaintiff is self-represented and his pleadings have not previously been dismissed in this case, the dismissal of the Complaint will be with leave to amend. Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint correcting the deficiencies identified in this Order. Plaintiff is advised that failure to file an amended complaint in the allotted time will result in the entry of a judgment of dismissal without further notice.

## CONCLUSION

For the reasons set forth above, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED without service on Defendants.  Plaintiff's Motion for Preliminary Injunction, ECF No. 3, is DENIED.

Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.  Plaintiff is further advised that failure to file an amended complaint within the allotted time will result in a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___30th___ day of September 2025.


 /s/Ann Aiken
ANN AIKEN
United States District Judge