IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT PATRICK RITTER, | Civ. No. 6:25-cv-01769-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| LANE COUNTY, OREGON; LANE COUNTY SHERIFF CARL E. WILKERSON, III; DEPUTY BERTSCH; DIRECTOR OF PRE-TRIAL SERVICES FOR LANE COUNTY JAIL; LANE COUNTY DISTRICT ATTORNEY'S OFFICE, | |
| Defendants. | |

AIKEN, District Judge.

On September 30, 2025, the Court granted Plaintiff's petition to proceed IFP, ECF No. 2, but denied Plaintiff's Motion for Preliminary Injunction, ECF No. 3, and dismissed the original Complaint, ECF No. 1, with leave to amend. ECF No. 6. Plaintiff timely filed his Amended Complaint. ECF No. 10. For the reasons set forth below, the Amended Complaint is DISMISSED without further leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for

meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

In the Amended Complaint, Plaintiff alleges that on September 24, 2025, he attempted to serve a summons and complaint on Tina Ferkey in an unrelated lawsuit. Am. Compl. ¶ 11. When Plaintiff arrived at Mrs. Ferkey's residence, her husband Matthew Ferkey fired a handgun at Plaintiff. *Id.* ¶ 12.

Plaintiff "immediately reported the incident to the Lane County Sheriff's Office and submitted a criminal complaint." Am. Compl. ¶ 13. Mr. Ferkey was arrested on September 25, 2025, on a charge of Reckless Endangerment and released on his own recognizance on September 26, 2025. *Id.* at ¶ 14. Plaintiff alleges that Defendants "failed to initiate a thorough investigation, failed to classify the incident as attempted murder, and failed to take protective measures despite Plaintiff's continued reports of threats." *Id.* at ¶ 15. Plaintiff alleges that he "remains in fear for his life and has received no meaningful protection or acknowledgement from law enforcement." *Id.* at ¶ 16.

The Amended Complaint alleges that Defendants' "failure to act on a known and credible threat constitutes deliberate indifference to Plaintiff's right to bodily integrity and personal security," which Plaintiff asserts is a violation of his substantive due process rights. Am. Compl. ¶ 19. Plaintiff alleges that Defendants "refusal to acknowledge or investigate Plaintiff's criminal complaint denied him access to justice and equal protection under the law" in violation his procedural due process rights. *Id.* at ¶ 20. As in the original Complaint, Plaintiff alleges that Lane County is liable under a *Monell* theory of liability for maintaining "policies or customs that discourage investigation of citizen complaints, fail to train officers to respond to threats, and allow administrative discretion to override constitutional duty." *Id.* at ¶ 17. Plaintiff has added a "State Created Danger Doctrine" claim, alleging that "Defendants' actions and omissions created or exacerbated the danger to Plaintiff, particularly during lawful service of process," *id.* at ¶ 22, and a First Amendment claim alleging that "Defendants' obstruction of Plaintiff's criminal complaint and failure to protect during judicial service interfered with his right to petition the government for redress." *Id.* at ¶ 23.[1]

---

[1] The Amended Complaint does not separately list an Equal Protection Clause claim, but there are scattered references to equal protection in the Amended Complaint and its associated materials. Am. Compl. ¶ 20; Pl. Mem. 1 ("Plaintiff was denied meaningful access to law enforcement and judicial protection. This violates procedural due process and equal protection); Compl. 2 ("Equal protection, where similarly situated individuals received protective action."). "There is a constitutional right . . . to have police services administered in a nondiscriminatory manner—a right that is violated when a state actor denies such protection to disfavored persons." *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000); *see also Elliot-Park v. Mangola*, 592 F.3d 1003, 1006-07 (9th Cir. 2010) (holding same). However, if Plaintiff intended to include a claim for violation of his rights under the Equal Protection Clause of the Fourteenth Amendment, the allegations amount to a bare legal conclusion devoid of supporting facts and so it is subject to dismissal along with the other claims.

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff's Fourteenth Amendment due process claims, procedural and substantive, as well as his First Amendment claim, are all based on an alleged failure to investigate Plaintiff's complaint and/or to protect him from Mr. Ferkey. As the Court explained in its prior Opinion & Order: "There is no statutory or common law right, much less a constitutional right to an investigation." *Frisch v. City of Eugene*, Civ. No. 09-6126-TC, 2010 WL 686754, at *3 (D. Or. Feb. 24, 2010); *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) ("It is well established that there is no constitutional right to be protected by the state against being murdered by criminals or madmen." (internal quotation marks and citation omitted)); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Clark v. Milwaukie Police Dep't*, Case No. 3:22-cv-00662-SB, 2022 WL 4473487, at *5 (D. Or. Sept. 15, 2022) (a plaintiff "does not have a constitutionally protected right to have the police investigate his report in a particular way, to police protection, or to have the police arrest an alleged assailant."); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d

1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty [or] property.")

As the Court previously explained, Plaintiff has no constitutional right to a police investigation; to have his complaint investigated in the way he demands; or to have another person arrested or prosecuted. Plaintiff's First Amendment claim[2] and his Fourteenth Amendment due process claims therefore fail.

As noted, Plaintiff has added a claim for the "Stated Created Danger Doctrine." The state created danger doctrine is not a cause of action but is instead an exception to the general rule that the "Fourteenth Amendment generally does not confer any affirmative right to governmental aid." *Estate of Sokai v. Abdelaziz*, 137 F.4th 969, 981 (9th Cir. 2025); *see also Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) ("The Due Process Clause is a limitation on state action and is not a guarantee of certain minimal levels of safety and security. Simply failing to prevent acts of a private party is insufficient to establish liability . . . the Due Process Clause does not impose a duty on the state to protect individuals from third parties." (internal quotation marks and citation omitted)).

---

[2] The contours of Plaintiff's First Amendment claim are not entirely clear. Plaintiff alleges that Defendants' "obstruction of Plaintiff's criminal complaint and failure to protect during judicial service interfered with his right to petition the government for redress." Am. Compl. ¶ 23. As to the issue of Plaintiff's criminal complaint, he alleges that he reported the incident with Mr. Ferkey "immediately" and submitted a criminal complaint to the Lane County Sheriff's Office and that Mr. Ferkey was arrested and charged with a crime. *Id.* at ¶¶ 13-14. On its face, the Amended Complaint alleges that Plaintiff submitted a criminal complaint and it was acted on, although not in the specific way Plaintiff desired. As to the second issue connected to this claim, the Court has already explained elsewhere that Plaintiff does not possess a constitutional right to police protection.

The state created danger exception has two elements "both of which relate to the defendant-officer's conduct,": (1) "the plaintiff must establish that the officer's <u>affirmative</u> conduct exposed the plaintiff to a foreseeable danger that [he] would not otherwise have faced," and (2) "the plaintiff must show that the officer acted with deliberate indifference to a known or obvious danger." *Estate of Soakai*, 137 F.th at 982 (internal quotation marks and citation omitted, alterations normalized, emphasis in original).

In meeting these elements, a plaintiff "must first show that the officers affirmatively exposed [him] to an actual particularized danger," meaning that "the officers left the person in a situation that was more dangerous than the one in which they found [him]." *Martinez*, 943 F.3d at 1271 (internal quotation marks and citation omitted). "The relevant question is whether state action creates or exposes an individual to a danger which he or she would not otherwise have faced." *Id.* (internal quotation marks and citation omitted).

In *Martinez*, the Ninth Circuit found that the plaintiff had not satisfied this showing in her claims against an officer for failing to make an arrest in a domestic violence case because the "[a]lthough [the officer's] failures may have been a dereliction of [the officer's] duties, they were not an affirmative act that created an actual particularized danger." *Martinez*, 943 F.3d at 1272 (internal quotation marks and citation omitted, alterations normalized). "In other words, [the officer] did not make the situation worse for [the plaintiff]," but "simply left [the plaintiff] in the same position she was in before the police had arrived." *Id.*

Page 7 –OPINION & ORDER

Here, Plaintiff alleges that, although Mr. Ferkey was arrested and charged with Reckless Endangerment, the police are liable under the state created danger exception because they "failed to initiate a thorough investigation, failed to classify the incident as attempted murder, and failed to take protective measures despite Plaintiff's continued reports of threats." Am. Compl. ¶¶ 14-15, 22. As in *Martinez*, these are not dangers affirmatively created by Defendants' actions. Rather, Plaintiff is left in the same position he was in before he made his complaint to the police. Plaintiff's invocation of the state created danger exception cannot sustain a claim.

With respect to Plaintiff's *Monell* claim against Lane County, if no constitutional violation occurred, a municipal liability claim necessarily fails. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). For the reasons discussed above, Plaintiff has failed to plead a claim for violation of his constitutional rights and so his *Monell* claim will necessarily fail.

Plaintiff has been given an opportunity to amend his pleadings with the benefit of instruction from the Court and his Amended Complaint contains the same substantive defects as the original Complaint. The Court concludes that further leave to amend would be futile. Dismissal shall therefore be without prejudice, but without further leave to amend.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint, ECF No. 10, is DISMISSED without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___6th___ day of November 2025.

                                          /s/Ann Aiken
                                          ANN AIKEN
                                          United States District Judge